**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| SHABOUY KAIS PITCHFORD, : <br> : <br> Plaintiff, : <br> : <br> v. :      CASE NO.: 7:24-CV-00082 (WLS) <br> : <br> RALPH SHROPSHIRE, *et al.*, : <br> : <br> Defendants. : <br> _____ : | |

## ORDER

Before the Court is Recommendation (Doc. 4) from now-retired United States Magistrate Judge Thomas Q. Langstaff, entered on September 30, 2024. Therein, Judge Langstaff recommends that the Court dismiss without prejudice Plaintiff Shabouy Pitchford's ("Plaintiff") claims under 42 U.S.C. § 1983 for failure to state a claim. For the reasons discussed herein, the Recommendation is **ACCEPTED**, **ADOPTED**, and made the Order of this Court.

### I.   RELEVANT BACKGROUND

Plaintiff filed the above-captioned action on August 19, 2024. On September 30, 2024, Judge Langstaff entered the instant Recommendation (Doc. 4). The Recommendation and 28 U.S.C. § 636(b)(1) provided the parties with fourteen days to file an objection. (Doc. 4 at 7). Plaintiff moved for an extension of time to file an objection (Doc. 5). Judge Langstaff granted the motion on November 14, 2024, and provided Plaintiff with an additional fourteen days to file his objection. (*See* Doc. 6). Plaintiff filed his Objection (Doc. 7) on December 20, 2024, more than three weeks after the extended deadline. Although the objection is untimely, in the interest of fairness, the Court will consider it in addressing the Recommendation. The Court, however, will not necessarily permit or accommodate future late filings, especially after an extension has been granted. As with all parties, Plaintiff is required to timely meet all deadlines and comply with the Orders of the Court.

1

## II. STANDARD OF REVIEW

A judge of the district court shall make a *de novo* determination of those portions of the recommendation to which an objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. To properly object to the Recommendation, Plaintiff is required to provide "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (internal quotation marks omitted). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Id.* at 784. "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Shuler v. Okeechobee CI Warden*, 815 F. App'x 457, 458 (11th Cir. 2020) (internal quotations marks omitted).

Plaintiff's Objection does not challenge any part of the Recommendation. (*See generally* Doc. 4). Instead, Plaintiff restates the factual allegations in his Complaint along with new factual allegations in what appears to be an attempt to address the deficiencies identified in the Recommendation. These allegations neither "specifically identify the portions of the proposed findings and recommendation to which objection is made" nor state a "specific basis for objection." *Macort*, 208 F. App'x at 783. Therefore, in the absence of any properly raised objection, the Court reviews the Recommendation for plain error and manifest injustice. *See United States v. Aponte*, 461 F. App'x 828, 830 n.2 (11th Cir. 2012).

Additionally, to the extent Plaintiff seeks to amend his complaint to add these new allegations, that request is **DENIED**, without prejudice. The Court will not consider facts or allegations not before the Magistrate Judge, and therefore, not properly before the Court.

## CONCLUSION

Upon full review and consideration of the Record, the Court finds neither plain error nor manifest injustice in Judge Langstaff's Recommendation. The Recommendation (Doc. 4) is thus **ACCEPTED**, **ADOPTED**, and made the Order of this Court, for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein. Accordingly, the above-captioned action is **DISMISSED**, with prejudice.

Further, because the Court has dismissed this action, the pending Motion to Appoint Counsel (Doc. 8) is **DENIED**, without prejudice, as moot.

**SO ORDERED,** this 2nd day of September 2025.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

3